## CITY OF PADUCAH *v.* HOLLORAN & CO.

**Judgment—Default.**

Where the allegations of a petition authorize recovery against the city, and the answer offered by the city is not responsive to the petition, judgment may be rendered against the city by default.

**Municipal Corporations—City Taxes.**

The power of taxing for public improvements within the city limits may be exercised by the council without the consent of the citizen, and his property may be subjected to the payment of the tax upon the consideration alone of public and private benefits to be derived therefrom.

**Municipal Corporations—Pleading—Defense.**

In an action against the city on an improvement contract, it is no defense to allege that although the improvement ordinance was a nullity a property owner is liable by reason of his contract under the void ordinance, and that the city is exempt for the reason that such contract was made.

APPEAL FROM McCRACKEN CIRCUIT COURT.

March 8, 1873.

OPINION BY JUDGE PRYOR:

The appellees, Holloran & Co., instituted their several actions at law against McGary, Hamilton & Watts, in which they sought to

recover certain sums of money alleged to be due them as contractors for work and labor in grading, excavating, paving and curbing the sidewalks in Court street in the city of Paducah, under and by virtue of an ordinance of the city council passed in November, 1865, requiring said improvements to be made, at the exclusive cost of the owners of the property.

This ordinance was enacted by virtue of the second section of Article 6 of the city charter, authorizing the council to have such improvements made at the cost of the owner or owners of the ground fronting the improvement according to the number of front feet each may own, etc., provided that "when any such improvement has not been petitioned for by the owners of a majority of feet of ground in front of said improvements it shall require a concurrence of two-thirds of the members elected in office of the board of council to pass the ordinance to procure said improvement, and the final vote thereon shall be taken by yeas and nays and recorded in the journals of the proceedings of the board of council." Sec. 3 of the same article provides that, "the council may pass ordinances to procure the grading and paving of sidewalks on any of the squares within the city limits when the street has been graded and paved, or graded and otherwise improved for more than one year, or to recurb and repave said sidewalks if required at the cost of the owner or owners, etc."

The city council under the sections of the charter referred to not only required the property owners to make the improvements designated by the ordinance, but also made a contract at or about the same time with the appellees for curbing, guttering, and laying down the brick pavement on that portion of the street required to be improved and paid for by the city.

After the passage of the ordinances for the improvement of Court Street may of the property owners, perhaps a majority of them, contracted with the appellees to make the improvements opposite their lots at certain specified rates. This contract with the property owners was submitted to the council and by that body ratified and confirmed. The appellee completed his work of improvement on the street both under the contract with the owner and with the city.

The estimates of the work were reported to the council and allowed, and the work accepted by that body. There is no material difference in the questions of law or fact arising upon all three of

the records filed in this court by the appellant against the appellees. The defendants, McGary, Watts and Hamilton, filed answers in the separate suits against them by the appellees in which they deny making any contract with the appellees for the work done, and also denying that any contract was made by the city, or any ordinance passed by the board of council as required them to pay for the improvements made, or subjected their lots to the payment of appellees' claims. They insist that the council had no power by ordinance or otherwise to subject their property to taxation for the improvement of sidewalks, as well as the street upon which they bordered, at the same time, and further that the ordinance under which this work was done was not enacted by the council as required by Sec. 2 of Article 6 of the City Charter, which enacts, "that where a majority of the owners of lots fail to petition for the improvement, there shall be a concurrence of two-thirds of the members to pass the ordinance, and the final vote thereon shall be taken by yeas and nays and recorded in the journals of the proceedings of the board, etc."

These defenses are specifically pleaded by all the defendants except Mildred Hamilton, and she alleges that she made no contract with the appellees, and also denies that any contract was made by the city; that the improvements were made upon a public street of the town and she had no power to prevent it.

Upon the filing of the separate answers the appellees amended their several amended petitions, making the city of Paducah a defendant, and alleging in substance the allegations and defenses set up in the answers filed by the property owners; that the ordinance requiring these improvements was in violation of the city charter and that no recovery could be had as against the defendant to the original suits or liens enforced upon their property for the work done. They specifically allege that a majority of the owners of the property on Court Street were not petitioners to the council for the improvements made, and that the yeas and nays were not taken on the final vote passing the ordinance and recorded in the journals of the proceedings of the city council.

They further state that the city by the ordinance passed and by contracts made with the appellees, were proceeding to improve, and did in fact improve the sidewalks, and the public street all within the same year by paving, grading and curbing each, and that by

reason of these violations and disregard of the provisions of the city charter by the council, they can not enforce in law or equity their claims against the property owners, or subject their lots to the payment of the moneys due them for their work.

Process as executed on the city under each of the amended petitions filed; and the city failing to answer, a judgment by default was rendered for the amount due the appellees for their work and labor in making the improvements. After this judgment had been rendered and during the same term of the court the city by its council moved to set aside the judgment and offered to file an answer. The court refused to set aside the judgment or permit the answer to be filed, and of this the city is now complaining.

The answer offered to be filed by the city fails to deny any of the material allegations of the amended petitions. The fact of the council having ratified the contract made by the citizens or property owners after the passage of the ordinance is no evidence that a majority of the owners of the ground fronting Court Street petitioned the city council for the improvements, nor can this contract be deemed equivalent to such a petition for the reason that its execution took place by reason of the ordinance already passed and the property owners were forced to make the contract, or have the sidewalks improved by the city at their expense. Nor is there any evidence appearing upon the records of the board of council that the yeas and nays were taken upon the passage of the ordinance, and the city in the answer offered to be filed fails to respond to the allegations of the amended petitions on this subject. The only response offered to be made is, that the ordinance was passed by the unanimous vote of two-thirds of the whole body, the records showing the names of the councilmen present. Nor does the answer controvert the point that the council made a contract or passed an ordinance by which these improvements were to be made on the sidewalks, and the public streets at the same time, and within the same year.

The answer offered by the city is not responsive to the petition, and if the allegations of the amended petitions authorize a recovery against the city it was right and proper to render the judgment by default.

This court in the case of Kaye v. Hall, 13 B. Mon. 455, in a case exactly analogous to the one now presented, says:

That when there is such a clause in the charter as requires a vote of two-thirds to pass the ordinance, and that this vote shall be evidenced by the yeas and nays entered on the record, that the record of the yeas and nays is the exclusive evidence of the requisite majority having voted for the ordinance. The exercise of the power conferred upon the council may sometimes, as said by this court in the case referred to, be arbitrary and oppressive and always liable to abuse, and, therefore, the council, in the exercise of the authority conferred by the charter should be held to a strict compliance with its provisions. The power of taxation for the purpose of improvement within the city limits may be exercised by the council without the consent of the citizen, and his property subjected to the payment of the debt thus contracted upon the consideration alone of the public and private benefits to be derived from it. In order to prevent such legislation by the council from becoming onerous to the citizen, and particularly in reference to sidewalks where the street itself has not been improved, the third section of article 6 of the charter was enacted by which this power could not be exercised, and the improvements of the sidewalks made where the street itself had not been graded and paved for more than one year previous to the passage of the ordinance. This the board of councilmen violated in requiring the improvements made, and if not, the vote passing the ordinance was not in compliance with the charter, for the reason that the yeas and nays were not taken and recorded as provided by section 2 of article 6.

There was no contract made with any of the defendants to the original actions brought for the improvements made. The contract filed with the pleadings and ratified by the council does not contain the names of any of the parties against whom these suits were instituted. And even if such contracts had been made, if executed by the citizen by reason of this ordinance that was in violation of the city charter, and the owner liable therefor, it is no defense in an action against the city, to say, that although the ordinance was a nullity, the citizen is liable by reason of his contract under this void ordinance, and the city itself exempt for no other reason than that such a contract was made.

The contract made with Mrs. McClellan can not be enforced for the reason that she had no power to make it, and the title to the property was not in the party for whose benefit she made it.

The appellees had no lien upon the property for their work done and the judgments rendered against the city must be enforced. The judgments are each *affirmed*.

*Williams*, for *appellant*.

*Bigger & Moss*, for *appellees*.